UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LE HOLDINGS LLC D/B/A OBAMA BLOCK, § § § *Plaintiff*, § § v. § § WESTCHESTER SURPLUS LINES § INSURANCE COMPANY and CHARLES § RICHARD HAMPTON, § § *Defendants*. § | Case No. _____ |

## NOTICE OF REMOVAL AND MOTION TO DISMISS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westchester Surplus Lines Insurance Company ("Westchester") files this Notice of Removal and Motion to Dismiss, and would respectfully show the Court the following:

### Introduction

1. On December 3, 2019 the Plaintiff, LE Holdings LLC d/b/a Obama Block ("Obama Block"), filed a lawsuit against Westchester and Defendant Charles Richard Hampton in Cause No. 2019-85768; *LE Holdings LLC d/b/a Obama Block v. Westchester Surplus Lines Insurance Company and Charles Richard Hampton*; In the 152nd Judicial District Court of Harris County, Texas. A certified copy of the Original Petition is attached as Exhibit 1. Service of process was made upon Westchester on December 20, 2019. Mr. Hampton, Westchester's adjuster, has not been served with process, according to the state court website.

2. Westchester timely filed this Notice of Removal within the 30-day deadline required by 28 U.S.C. §1446(b).

## Bases for Removal

3. Removal is proper based on diversity of citizenship. 28 U.S.C. 1332(a). In particular:

   a. Plaintiff is an entity residing in Harris County, Texas.

   b. Westchester is a Georgia corporation with its principal place of business in Philadelphia, Pennsylvania. Therefore, Westchester is a citizen of Georgia and Pennsylvania.

   c. Mr. Hampton is a citizen of Texas. However, pursuant to Texas Insurance Code Chapter 542A.006, prior to removal, Westchester elected to accept whatever liability Mr. Hampton may have to Obama Block in the lawsuit for Mr. Hampton's acts and omissions related to the claim under the policy. Therefore, there can be no cause of action against Mr. Hampton, Mr. Hampton's citizenship is disregarded for diversity analysis, and the Court must dismiss all claims against Mr. Hampton. Moreover, Obama Block previously advised Westchester through its public adjuster that it was not pursuing its claim. Therefore, the claims against Westchester and Mr. Hampton are unmeritorious and Mr. Hampton was improperly joined.

4. Obama Block alleges in Paragraph 74 of its Original Petition that it seeks monetary relief of no less than $1,000,000.00. Accordingly, the amount in controversy is in excess of the sum of $75,000.00. All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441(b).

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the 152nd Judicial District Court of Harris County, Texas and all parties.

7. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a). Those filings consist of Exhibit 1 as described above, and the following additional filings, as required by Local Rule 81:

Exhibit 2:  Affidavit and Return of Citation (Westchester);

Exhibit 3:  Defendant Westchester Surplus Lines Insurance Company's Original Answer;

Exhibit 4:  The docket sheet (no orders have been signed by the state court judge);

Exhibit 5:  An index of matters being filed; and

Exhibit 6:  List of all counsel of record and parties represented.

## Jury Demand

8. Pursuant to Federal Rule of Civil Procedure 38, Westchester demands a trial by jury.

## Motion to Dismiss

9. Under Texas Insurance Code Chapter 542A.006, an insurer that is a party to an action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.[1] In the event of such election, the court shall dismiss the action against the agent with prejudice.[2] The election cannot be revoked and cannot be nullified by the court.[3]

---

[1]  Tex. Ins. Code §542A.006(a).

[2]  Tex. Ins. Code §542A.006(b),(c).

[3]  Tex. Ins. Code §542A.006(f).

10. In this case, Westchester made an election of liability as to Mr. Hampton prior to removal. Thus, Obama Block cannot succeed on its claims and causes of action against Mr. Hampton, Mr. Hampton is improperly joined, Obama Block's claims and causes of action against Mr. Hampton should be dismissed, and Mr. Hampton's citizenship may be disregarded for diversity purposes.[4]

11. Moreover, Obama Block was represented by a public adjuster, its agent, during the claim. The public adjuster advised Westchester that it was not going to pursue the claim. Neither Westchester nor Mr. Hampton can have committed wrongdoing on a claim that Obama Block's public adjuster advised Westchester that Obama Block was not going to pursue. Mr. Hampton is improperly joined and should be dismissed from this litigation.[5]

### Prayer

Defendant, Westchester Surplus Lines Insurance Company, respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. The Court should dismiss all of Plaintiff LE Holdings LLC d/b/a Obama Block's claims and causes of action against Defendant, Charles Richard Hampton. Defendant further requests any additional relief to which it is justly entitled.

---

[4] *Bexar Diversified MF-1 v. General Star Indem. Co.*, 2019 U.S. Dist. LEXIS 200150, *8-*11 (W.D. Tex. Nov. 18, 2019); *Jiang v. Travelers Home & Marine Ins. Co.*, 2018 U.S. Dist. LEXIS 200860, *5 (W.D. Tex. Nov. 28, 2018).

[5] This case has all of the "badges of improper joinder." *See Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, *6 (N.D. Tex. 2014). The "badges" are (1) the use of a form petition with boilerplate allegations against the non-diverse adjuster; (2) the plaintiff's failure to serve process on the non-diverse adjuster whose presence in the case is a potential impediment to removal; and (3) the absence of any plausible reason for suing the non-diverse adjuster other than to defeat diversity. *See id.*

Respectfully submitted,

COZEN O'CONNOR

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
Southern District of Texas Bar No. 25915
Karl A. Schulz
Texas State Bar No. 24057339
Southern District of Texas Bar No. 884614
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214.3900
Telecopy: (832) 214.3905
E-mail: jziemianski@cozen.com
E-mail: kschulz@cozen.com

OF COUNSEL:

COZEN O'CONNOR
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214.3900
Telecopy: (832) 214.3905

ATTORNEYS FOR DEFENDANT
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing instrument was served via the Court's electronic filing system on January 17, 2020 to:

Mr. Chad T. Wilson
Mr. Patrick C. McGinnis
455 E. Medical Center Boulevard, Suite 555
Webster, Texas 77598
**Counsel for Plaintiff, LE Holdings LLC d/b/a Obama Block**

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski